21715

Kathleen T. OLSON, Ancillary Executrix of the Estate of Clyde L. Olson, Appellant, v. LOCKWOOD GREENE ENGINEERS, INC., Respondent.

(292 S. E. (2d) 186)

*Coming B. Gibbs, Jr.,* of *Gibbs, Gaillard, Rowell & Tanenbaum and Bleecker & Flynn,* Charleston, *for appellant.*

*T. Sam Means, Jr.,* and *Stanley T. Case,* both of *Butler, Means, Evins & Browne,* Spartanburg, *for respondent.*

*Martin S. Driggers, Sr.,* of *Saleeby, Cox, Driggers & Bledsoe,* Hartsville, *amicus curiae,* for *South Carolina Trial Lawyers Ass'n.*

May 26, 1982.

NESS, Justice:

Appellant, Kathleen Olson, appeals the order of the lower court dismissing her wrongful death action for lack of subject matter jurisdiction, pursuant to § 15-5-150, Code of Laws of S. C. (1976) commonly referred to as the "Door Closing Statute." Mrs. Olson argues the trial court erred in holding her a nonresident of South Carolina for purposes of this case. We agree and reverse.

Section 15-5-150, supra, limits jurisdiction in the South Carolina courts to actions against foreign corporations brought:

"(1) By any resident of this State . .; or
"(2) By a plaintiff not a resident of this State when the cause of action shall have arisen ... within this State."

■ The present case arose when appellant's husband, Clyde L. Olson, was killed in a private plane crash in the state of Idaho. At the time of death, both appellant and her husband were residents of the state of Utah. The action alleges negligence by respondent Lockwood Greene Engineers, Inc., a corporation organized under the laws of the state of Massachusetts, with its principal place of business in Spartanburg, South Carolina. After her husband's death, Mrs. Olson moved her residence to South Carolina and lived in Charleston for two years before instituting suit.

Mrs. Olson asserts, and we agree, that she is a resident of South Carolina and thus may maintain this action on behalf of her deceased husband.

"[T]he test of the right of an administration to maintain an action for wrongful death is whether the deceased could have maintained an action for the injury had he survived." *Nix v. Mercury Motor Express, Inc.,* 270 S. C. 477, 482, 242 S. E. (2d) 683 (1978). See cases at West's S. C. Digest, Death, No. 15.

Although the decedent, Mr. Olson, was not a resident of South Carolina when the action arose, respondent concedes that had Mr. Olson survived he could have prosecuted an action in South Carolina for any personal injuries by simply establishing his residency here and then bringing suit. *Smith v. Sperling,* 354 U. S. 91, 77 S. Ct. 1112, 1 L. Ed. (2d) 1205 (1957); *Roorda v. Volkswagenwerk,* 481 F.Supp. 868 (D. C. S. C. 1979).

This is exactly what Mrs. Olson did. There is not question that she has been a resident of South Carolina since 1977, and two years prior to instituting this action. She works in South Carolina, votes in South Carolina and does all the things any citizen would normally. The fact that this action is brought pursuant to our wrongful death statute and is not an action for personal injuries does not lessen the cause of action or the injured party's right to redress.

■ Moreover, although the respondent corporation was organized under the laws of Massachusetts and technically falls within the definition of a foreign corporation, it is nonetheless a resident of South Carolina. Lockwood Greene has its principal place of business and its home offices in South Carolina and has *more* than substantial contacts here to subject itself to adjudication in our courts. *Nix v. Mercury Motor Express, Inc.,* supra.

> When a corporation purposefully avails itself of the privilege of conducting activities within our state it has clear notice that it is subject to suit here.

> To justify the exercise of jurisdiction over a foreign corporation in an action arising from the corporation's out-of-state activities, due process imposes two requirements. First, it must appear that the defendant over whom jurisdiction is asserted has had such "minimum contacts" with the state to render it consistent with traditional notions of fair play and substantial justice that it be compelled to defend itself there. *International Shoe Co. v. Washington*, 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Second, assuming the requisite minimal contacts, a method of service must be employed which is reasonably designed to give the defendant actual notice of the pending action against it. *Milliken v. Meyer*, 311 U. S. 457, 61 S. Ct. 339, 85 L. Ed. 278 (1940), reh. den., 312 U. S. 712, 61 S. Ct. 548, 85 L. Ed. 1143. Here these requirements are met so that respondent is not a "foreign corporation" as contemplated by § 15-5-150, supra.

Accordingly, this dispute is properly resolved in the South Carolina courts since both parties are residents and the state has an interest in the outcome.

Appellant's remaining exceptions need not be addressed for disposition of this case. The judgment below is reversed and the case remanded for trial.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.