0951

Rodney J. EAGLE, Appellant v. GLOBAL ASSOCIATES and Holmes & Narver, Inc., Defendants, of whom Global Associates is Respondent.
(356 S. E. (2d) 417)

Court of Appeals

*Solomon, Kahn, Smith & Baumil,* of Charleston, *for appellant.*

*Holmes & Thomson,* of Charleston, *for respondent.*

Heard April 13, 1987.

Decided May 4, 1987.

CURETON, Judge:

Rodney J. Eagle commenced this negligence suit against Global Associates, a joint venture organized under California law. The circuit court granted Global's motion to dismiss for lack of subject matter jurisdiction under South Carolina's Door Closing Statute, Section 15-5-150, Code of Laws of South Carolina, 1976. Eagle appeals. We affirm.

Eagle, a resident of Alameda County, California, was injured by a fall from a pallet in a warehouse owned by Global located on the Island of Kwajalein in the Trust Territory of the Pacific Islands. Eagle filed suit against Global for negligence on September 22, 1985 in Charleston, South Carolina. On November 5, 1985, Global filed a motion to dismiss under S.C.R. Civ. P. 12(b), on the ground that the court lacked subject matter jurisdiction over the action. To support the motion, an affidavit was filed by James R. Sordelet, Senior Project Manager for Global Associates, a resident of

Charleston County. The affidavit stated that Global is a joint venture organized under the laws of California with its home office in Oakland, California, composed of Atlas Corporation, a New Jersey corporation, and Owl Constructors, a California corporation.

The circuit court heard Global's motion to dismiss the action for lack of subject matter jurisdiction on April 1, 1986. In an order dated April 4, the court found the face of the complaint showed the parties and the cause of action are all foreign to South Carolina. The court found that under the Door Closing Statute, the nonresident plaintiff could bring this action in South Carolina only if the cause of action arose in this state. Based on the face of the complaint, the affidavit and the appropriate statutory and case law, the court granted the motion.

The court also considered an oral motion by counsel for Eagle that he be permitted to conduct discovery prior to the ruling on the motion to dismiss to determine whether Global had minimum contacts with this state sufficient to preclude it from operation of the Door Closing Statute. The court determined that discovery could not change the undisputed fact that this case involved a nonresident plaintiff, a foreign corporation, and a cause of action arising outside of this state, and thus the court lacked subject matter jurisdiction under the Door Closing Statute. The court noted that, therefore, the issue of minimum contacts in this case was irrelevant and discovery was inappropriate. Global appeals both rulings. We will consider the issues separately.

I.

Eagle argues the court erred in relying on the Door Closing Statute to dismiss this case. South Carolina's Door Closing Statute, Section 15-5-150, Code of Laws of South Carolina, 1976, provides:

> An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court: (1) By any resident of this State for any cause of action; or (2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.

Our Supreme Court has declared that the jurisdiction ■ of courts of this state over foreign corporations is in the first instance a question of state law, and the extent to which the state chooses to exercise jurisdiction is a matter for the law of the state as declared by its legislature. *Clark v. Babbitt Brothers, Inc.*, 260 S. C. 378, 196 S. E. (2d) 120 (1973). Under our Door Closing Statute, our legislature has clearly limited the availability of South Carolina courts in providing that an action against a foreign corporation may be brought in this state by a nonresident only when the cause of action has arisen here, or the subject of the action is situated here. *Cox v. Lunsford*, 272 S. C. 527, 252 S. E. (2d) 918 (1979). The Statute thus provides a forum for wrongs connected with the state while avoiding the resolution of wrongs in which the state has little interest. *Rosenthal v. Unarco Industries, Inc.*, 278 S. C. 420, 297 S. E. (2d) 638 (1982).

We agree with the circuit court that the face of the ■ complaint and the affidavit clearly establish undisputed facts which bring this action within the operation of the Door Closing Statute. Eagle does not dispute that he is a nonresident plaintiff, that the incident which gave rise to the cause of action occurred outside of this state, and that the joint venture has its offices in California. The affidavit shows that the joint venture, composed of two foreign corporations, is organized under the laws of California. It is clearly, therefore, "created by or under the laws of any other state, government, or country" envisioned by the Statute. We need inquire no further than the plain language of Section 15-5-150 to see that the circuit court lacks subject matter jurisdiction over this action.[1] *See Nix v. Mercury*

---

[1] Eagle argues that under *Olson v. Lockwood Greene Engineers, Inc.*, 278 S. C. 67, 292 S. E. (2d) 186 (1982), a foreign corporation's contacts within this state may be such to make it a de facto resident corporation, thus precluding operation of the Door Closing Statute. After a careful reading of *Olson*, it appears to this Court that the discussion of the Door Closing Statute in relation to the foreign corporation was dictum. The plaintiff in that case was found to be a South Carolina resident, and could therefore sue any foreign corporation in this state upon obtaining personal jurisdiction over it and provided the assertion of jurisdiction does not offend notions of due process. It is therefore apparent that the discussion of the foreign corporation's contacts with South Carolina in *Olson* was designed to meet any due process objection.

*Motor Express, Inc.,* 270 S. C. 477, 242 S. E. (2d) 683 (1978).

## II.

We also reject Eagle's argument that the circuit court erred in failing to grant its oral motion to compel discovery to demonstrate Global's minimum contacts with the state were sufficient to place it outside the operation of the Door Closing Statute. We have previously found that under the provisions of the Statute, the court clearly had no subject matter jurisdiction over the action. When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void. *Ross v. Richland County,* 270 S. C. 100, 240 S. E. (2d) 649 (1978). Moreover, assuming the trial court had subject matter jurisdiction over Global, whether to allow discovery on issues raised by a motion to dismiss for lack of jurisdiction is discretionary with the trial judge. 23 Am. Jur. (2d) *Depositions and Discovery* Section 32 (1983). We conclude, therefore, that the court acted properly in refusing to allow discovery in this case.

For the reasons set forth above, the judgment appealed from is

Affirmed.

GARDNER, and SHAW, JJ., concur.