23704

William F. COTTY, Personal Representative of the Estate of Nicholas D. Yartzeff, Respondent v. Marina V. YARTZEFF, Appellant.

(422 S.E. (2d) 100)

Supreme Court

*Edward M. Woodward, Jr., Woodward, Leventis, Unger, Daves, Herndon & Cothran,* Columbia, *for appellant.*

*James H. Lengel, Holler, Olive, Merry, Lengel & Garner,* and *William F. Cotty,* Columbia, *for respondent.*

Heard April 21, 1992.

Decided August 31, 1992.

The issue on appeal is whether appellant waived her rights of removal and jury trial. The probate court denied appellant's motions for removal to the circuit court and a jury trial. The circuit court affirmed. We reverse.

## I. FACTS

Nicholas D. Yartzeff executed a will on February 18, 1990, two days prior to his death. Yartzeff was survived by appel-

lant, his estranged wife (Wife). On April 3, 1990, a petition for testacy and appointment of a personal representative was filed in the probate court. A hearing was begun on Friday, April 27, 1990, and recessed until Monday, April 30, 1990. Wife filed an answer on April 27, 1990, after the hearing had begun. On Monday, Wife made motions for the matter to be removed to circuit court and for a jury trial. The probate court conducted a hearing on these issues on May 10th. The probate judge denied Wife's motion on June 11, 1990. Wife appealed and the circuit court affirmed.

## II. DISCUSSION

S.C. Code Ann. § 62-1-302(c) (1987) provides that:

> Notwithstanding the exclusive jurisdiction of the court over the foregoing matters, any action or proceeding filed in the court and relating to the following subject matters shall be removed, not later than ten days following issues being joined, to the circuit court either by the court or on motion of any party and in such cases the circuit court shall proceed upon the matter de novo:
> (1) formal proceedings for the probate of wills and for the appointment of personal representatives named in wills;
> (2) construction of wills. . . .

This case presents unique facts where the answer was not filed and removal was not requested until after the hearing had begun. Respondent contends that Wife waived her right to remove to circuit court by participating in the hearing.

Initially, we note after reviewing the record that the nature of the hearing is unclear. At the hearing, respondent William F. Cotty (Cotty) stated that he was unaware of any contest to the will. The probate judge also expressed his confusion as to the nature of the hearing when he asked the parties if the will was contested or not. When it became apparent that Wife was contesting the will, at Cotty's request, the probate judge proceeded to take the testimony of witnesses regarding the decedent's mental capacity prior to his death. However, there were no subscribing witnesses present whose testimony was necessary in this case to admit the will into probate. S.C. Code Ann. § 62-3-406 (Supp. 1991).

Wife moved for removal to circuit court on Monday. There

is a letter in the record dated that Monday addressed to the probate court in which Cotty consents to the removal. There is, however, no evidence in the record that Cotty consented to removal once the hearing resumed. The probate court appointed Cotty as special administrator and postponed deciding Wife's motions until May 10. The testimony on Monday was taken subject to Wife's motions.

Wife argues that she filed her answer on April 27, and joined the issue of the will's validity triggering the ten-day time limit for requesting removal. Cotty argues that Wife waived her right to remove by participating in the hearing which began on Friday. We disagree. Under the facts of this case, Wife did not waive her right to remove. Since an answer had not been filed, it was not until the hearing began that the parties and the probate court became aware of the issues involved. The testimony taken at the hearing was taken at the request of Cotty to avoid having to recall several witnesses at a later hearing. There is no dispute the will was not properly self-proved and the subscribing witnesses were not present and, therefore, the will could not have been admitted into probate on Friday. S.C. Code Ann. § 62-3-406(a) (Supp. 1991).

Under the South Carolina Probate Code, except administration under Part 5, "each of proceeding before the court is independent of any other proceeding involving the same estate. . . ." S.C. Code Ann. § 62-3-107 (1987). As such, removal applies only to the particular proceeding removed. Upon removal, the probate court retains exclusive jurisdiction over the administration of the estate.[1]

Unless a will has been formally or informally probated, the court may not appoint a personal representative. If necessary, the court may appoint a special administrator after notice and hearing. S.C. Code Ann. § 62-3-614 (1987).

---

[1] Our conclusion is supported by the amendments to S.C. Code Ann. § 62-1-302(c) effective June 5, 1990, which expressly states that "[t]he removal to the circuit court of an action or proceeding within the exclusive jurisdiction of the probate court applies only to the particular action or proceeding removed, and the probate court otherwise retains continuing exclusive jurisdiction." *Ridge Community Investors, Inc. v. Berry*, 293 N.C. 688, 239 S.E. (2d) 566 (1977) ("[L]ight may be shed upon the intent of the General Assembly by reference to subsequent amendments which, although normally presumed to change existing law, may be interpreted as clarifying it.").

Here, the probate court merely appointed Cotty as a special administrator during the hearing on Monday. The will could not have been admitted into probate and the probate court should have granted Wife's motion for removal to the circuit court for a trial de novo on the separate formal proceeding for the probate of the will.

Cotty also argues Wife waived her right to a jury trial by participating in the hearing. S.C. Code Ann. § 62-1-306(a) (Supp. 1991) provides that a party is entitled to a jury trial in a formal proceeding "unless waived as provided in the rules of civil procedure for the courts of this state." Wife timely made a written demand for a jury trial. Since the proceeding in probate court was only for the appointment of a special administrator, Wife's participation did not waive her right to a jury trial in the separate proceeding in circuit court to probate the will.

Accordingly, the order of the circuit court affirming the probate court is reversed.

Reversed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.