23953

John PARSONS, Individually and as Personal Representative of the Estate of Becky Jo Parsons, Respondent v. UNIROYAL-GOODRICH TIRE CORPORATION and Michelin Tire Corporation, Appellants.

(438 S.E. (2d) 238

Supreme Court

*Robert O. King* and *Kristofer K. Strasser,* of *Ogletree, Deakins, Nash, Smoak and Stewart,* Greenville, *for appellant Michelin Tire Corp.*

*George K. Lyall* and *Harold W. Gowdy, III,* of *Nelson, Mullins, Riley & Scarborough,* Greenville, *for appellant Uniroyal-Goodrich Tire Corp.*

*Douglas F. Patrick* and *Stephen R.H. Lewis,* of *Covington and Patrick,* Greenville, *for respondent.*

Submitted Sept. 22, 1993.

Decided Nov. 8, 1993.

HARWELL, Chief Justice:

Uniroyal-Goodrich Tire Corporation (Uniroyal) and Michelin Tire Corporation (Michelin) contend that the trial judge erred in refusing to dismiss this action for lack of subject matter jurisdiction. We agree and reverse.

## I. *Facts*

John Parsons' (Parsons) wife was killed in an automobile accident in Atlanta, Georgia on August 25, 1989. At the time of the accident, both Parsons and his wife were Georgia residents. On August 25, 1992, Parsons, then a resident of Ohio, filed this action against Uniroyal, a Delaware corporation with its principal place of business in Ohio, and Michelin, a New York corporation with its principal place of business in South Carolina, claiming that a defective tire manufactured by Uniroyal[1] was the proximate cause of his wife's death.

Uniroyal and Michelin filed motions to dismiss for lack of subject matter jurisdiction pursuant to S.C. Code Ann. § 15-5-150 (1976). The trial court denied the motions on the ground that section 15-5-150 does not apply to a foreign corporation whose principal place of business is in South Carolina. Uniroyal and Michelin appealed.

## II. *Discussion*

Uniroyal and Michelin argue that the trial judge erred in holding that section 15-5-150 does not apply to a foreign corporation that has its principal place of business

---

[1] Parsons' action against Michelin is based on a claim that Michelin is the parent corporation of Uniroyal.

in South Carolina. We agree.

Section 15-5-150 provides:

> An action against a corporation *created by or under the laws of any other state, government or country* may be brought in the circuit court: (1) By any resident of this State for any cause of action; or (2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within the State. (Emphasis added.)

In construing a statute, its words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *First Baptist Church v. City of Mauldin,* — S.C. —, 417 S.E. (2d) 592 (1992). The plain language of section 15-5-150 makes no reference to whether a foreign corporation's principal place of business is in South Carolina. Therefore, we hold that section 15-5-150 applies to any corporation created by or under the laws of any other state, government, or country regardless of where its principal place of business is located.[2] *Accord Hodges v. Lake Summit Co.,* 155 S.C. 436, 152 S.E. 658 (1930) (section 15-5-150 limits the availability of South Carolina courts in actions against a foreign corporation by a nonresident to when the cause of action has arisen in South Carolina or the subject of the action is situated in South Carolina). Here, Michelin and Uniroyal were created by the laws of another state, Parsons is a resident of Ohio, and the cause of action arose in Georgia. We need go no further than the plain language of section 15-5-150 to see that the circuit court clearly lacks subject matter jurisdiction over the action. *Nix v. Mercury Motor Express, Inc.,* 270 S.C. 477, 242 S.E. (2d) 683 (1978). The order of the trial judge is

Reversed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.

---

[2] We overrule *Olson v. Lockwood Greene Engineers, Inc.,* 278 S.C. 67, 292 S.E. (2d) 186 (1982), to the extent that it is inconsistent with this holding.