625 S.E.2d 636

**Thomas G. BUIST, Petitioner,**

**v.**

**Michael HUGGINS, in his capacity as Assessor for Charleston County, Peggy A. Moseley, in her capacity as Auditor for Charleston County, Andrew C. Smith, in his capacity as Treasurer for Charleston County, the Board of Assessment Appeals for Charleston County, and the County of Charleston, a political subdivision, Respondents.**

**Worsley Co. Inc., As Assignee and Edgar A. Buck and Margaret B. Buck as Assignor and in their own rights as they may appear, Petitioners,**

**v.**

**Dorchester County Assessor and Dorchester County Auditor, Respondents.**

**No. 26097.**

Supreme Court of South Carolina.

Heard Oct. 19, 2005.

Decided Jan. 9, 2006.

G. Trenholm Walker, Andrew K. Epting, Jr., and Amanda R. Maybank, all of Pratt–Thomas, Epting & Walker, P.A., of Charleston, for Petitioners.

Bernard Eugene Ferrara, Jr., and Joseph Dawson, III, of N. Charleston, and John G. Frampton, of Chellis & Frampton, of Summerville, for Respondents.

Justice WALLER:

We granted a writ of certiorari to review the Court of Appeals' decision in *Buist v. Huggins et. al.*, Op. No. 2003–UP–533 (S.C. Ct.App. filed Sept. 4, 2003), in which the Court of Appeals held the Administrative Law Judge (ALJ) lacked subject matter jurisdiction to review a county's assessment of interest for the redemption of property from a delinquent tax sale pursuant to S.C.Code Ann. § 12–51–90 (2000). We affirm in result, as modified.

## FACTS

Petitioners' properties were sold at delinquent tax sales. Petitioners sought to redeem their properties pursuant to S.C.Code Ann. § 12–51–90 (2000).[1]

1. The cases were consolidated for appeal and involve two separate properties; the Worsley property located in Dorchester County, and the Buist property located on Kiawah Island in Charleston County.

The Buist property was sold by Charleston County for $90,000.00 on October 7, 1996, as a result of $4520.88 in delinquent taxes owed.[2] Buist redeemed the property on January 21, 1997. To redeem the property, Buist was required to pay the back taxes owed, plus $678.00 late payment interest, a $100.00 levy fee, and $7200.00 "bidder interest" pursuant to S.C.Code Ann. § 12–51–90, calculated by County at 8% of the total amount of the successful bid on the property ($90,000 × 8%). Buist paid the $7200.00 bidder interest under protest, asserting that it should be calculated on a per diem basis, rather than assessed for an entire year. Buist filed a claim for a refund pursuant to S.C.Code Ann. § 12–60–2560 with the County Board of Assessment Control. The Charleston County Tax Refund Committee denied the request, and the Board of Assessment Appeals affirmed. Buist filed a notice of appeal and request for a contested case hearing with the Administrative Law Judge (ALJ) Division.

Petitioner Worsley owed $4728.98 in taxes, penalties and costs, and his property was sold by Dorchester County for $153,000.00 on November 3, 1997. Worsley redeemed the property on December 31, 1997. To redeem the property, Worsley paid $4728.98 back taxes, plus $12,240.00 bidder interest, calculated by County at 8% of the total amount of the successful bid on the property ($153,000 × 8%), pursuant to S.C.Code Ann. § 12–51–90. Worsley paid the $12,240.00 bidder interest under protest, and sought a refund under S.C.Code Ann. § 12–60–2560, claiming interest should be calculated on a per diem basis. Dorchester County denied the request for refund. The Board of Assessment Appeals for Dorchester County denied the appeal, finding § 12–60–2560 inapplicable to contest the interest paid to redeem real property. Worsley filed a notice of appeal with the ALJ.

The same ALJ heard both the Buist and Worsley appeals. The ALJ held that the legislature intended the term "interest" as used in S.C.Code Ann. § 12–51–90 to be used in its plain and ordinary terms, such that the counties should not be interpreting it to authorize a flat-rate interest "penalty." Ac-

---

2. Buist is the attorney for the property owners, Michael and Sharon Mayberry.

cordingly, the ALJ found interest should be calculated on a per diem basis, entitling Buist and Worsley to a refund.

Counties sought judicial review, and the cases were consolidated for a hearing. The circuit court reversed, finding the ALJ was without jurisdiction over matters arising under S.C.Code Ann. § 12–51–40 et seq. (the Alternate Procedures Act). The circuit court held the Revenue Procedures Act, S.C.Code Ann. § 12–60–2560, under which Petitioners had sought relief, was inapplicable to their claims for a refund. The circuit court reasoned that the "interest" due under S.C.Code Ann. § 12–51–90 is not a "disputed revenue liability" so as to fall within the meaning of the section 12–60–20 of the Revenue Procedures Act. It held the ALJ did not have jurisdiction to determine whether Counties properly calculated interest under § 12–51–40 of the Alternate Procedures Act. The circuit court lastly ruled that the term "interest" as used in § 12–51–90 was intended by the Legislature to constitute a "penalty" such that the interest was properly calculated by Counties as a lump sum based upon the whole amount of the tax sale bid regardless of when the property was redeemed.

The Court of Appeals affirmed the circuit court's ruling that the ALJ was without jurisdiction to hear the appeal. However, the Court of Appeals also held that because the ALJ lacked jurisdiction, the circuit court was likewise without jurisdiction to address the merits of the issue in its appellate capacity. Accordingly, the Court of Appeals did not address the proper calculation of "interest" under S.C.Code Ann. § 12–51–90.

## ISSUES

1. Did the Court of Appeals err in concluding the ALJ was without subject matter jurisdiction?

2. Is the interest collected pursuant to S.C.Code Ann. § 12–51–90 properly calculated based on a flat fee, or on a per diem basis?

## 1. JURISDICTION

S.C.Code Ann. § 12–51–40 et seq. sets forth an Alternate Procedure for collection of county taxes, authorizing counties to seize property and sell it at a delinquent tax sale. Pursuant

to S.C.Code Ann. § 12–51–90, the defaulting taxpayer may redeem the property within one year of the tax sale by "paying the person officially charged with the collection of delinquent taxes, assessments, penalties and costs, together with interest as provided in subsection (B)." [3]

Petitioners redeemed their properties within the first year, but challenged the counties' calculation of the amount of interest. Accordingly, they paid under protest and filed claims for refunds pursuant to S.C.Code Ann. § 12–60–2560, which is contained in the South Carolina Revenue Procedures Act. S.C.Code Ann. § 12–60–10 et seq. It is undisputed that a claim for a "refund of real property taxes assessed by the county" is made to the ALJ Division under § 12–60–2560 of the Revenue Procedures Act.[4]

Petitioners' cite S.C.Code Ann. § 12–60–80 of the Revenue Procedures Act, and this Court's opinion in *Brackenbrook North Charleston v. County of Charleston,* 360 S.C. 390, 395, 602 S.E.2d 39, 42 (2004), in support of their claim that the ALJ had jurisdiction.

S.C.Code Ann. § 12–60–80 provides, in part, "there is no remedy other than those provided in this chapter in any case involving the illegal or wrongful collection of taxes, or attempt to collect taxes." [5] This Court interpreted § 12–60–80 in *Brackenbrook.* There, taxpayers brought an action in circuit court alleging Charleston County levied an excessive millage rate on real property. The circuit court allowed the taxpayers' suit, finding taxpayers had no administrative remedies under the Revenue Procedures Act (RPA) because the Act did not cover taxpayer challenges to the county's millage rate determination. The circuit court concluded the RPA's man-

---

3. The amount of interest is addressed in Issue 2 below.

4. As noted by the majority of the Court in *Brackenbrook North Charleston v. County of Charleston,* 360 S.C. 390, 395, 602 S.E.2d 39, 42 (2004), "the General Assembly adopted the South Carolina Revenue Procedures Act (the Act) to provide the people of this State with a straight forward procedure to determine any disputed revenue liability."

5. An exception is provided for cases involving the constitutionality of a statute.

dated administrative remedies only applied to taxpayer challenges to a county's "property tax assessment." Because the taxpayers in Brackenbrook did not dispute any component of their property tax **assessment,** the circuit court held they had an immediate right to bring suit in circuit court. A majority of this Court reversed, holding that:

> While the Act contains many specific procedures for taxpayers challenging their [property tax assessments], **relief under the Act is not limited to these types of protests.** Section 12–60–2530(A) specifically provides the **board of assessment appeals may rule on any PTA dispute and also other relevant claims of a legal or factual nature except claims relating to property tax exemptions.**

360 S.C. at 398, 602 S.E.2d at 44. (emphasis supplied).

Two justices dissented in *Brackenbrook,* finding the administrative remedy set forth in § 12–60–2560 applicable only to challenges to property tax **assessments,** but not to challenges to the proper **millage** rate to be applied in calculating the amount of tax due. Accordingly, the dissent would have held the administrative remedy limitation in § 12–60–80 did not control.

■ The circuit court in this case, as well as the Court of Appeals, found that Petitioners' claims did not involve a challenge to a property tax assessment but, rather, a claim for a refund of interest paid to the Delinquent Tax Collector,[6] and that the only provisions governing redemption of property sold at a delinquent tax sale were found in S.C.Code Ann. § 12–51–90, so as to fall within the Alternate Procedures Act, requiring suit to be brought in the circuit court. We agree.

Unlike *Brackenbrook,* Petitioners in this case challenge neither their underlying tax assessments, nor their millage rates. Rather, Petitioners challenge only the calculation of interest under § 12–51–90. While their interest payment could feasibly be lowered, the underlying tax amount owed is

---

6. The circuit court was persuaded by the fact that the taxes are required by §§ 12–51–40 through 12–51–60 to be paid to the delinquent tax collector, rather than the auditor.

not disputed. Accordingly, we find their challenge is properly brought under S.C.Code Ann. § 12–51–90, such that the Alternate Procedures Act controls. The Court of Appeals properly held jurisdiction over such disputes remains in the circuit court, and the ALJ was without jurisdiction.[7]

## 2. CALCULATION OF INTEREST[8]

As noted previously, S.C.Code Ann. § 12–51–90 permits a defaulting taxpayer to redeem property within one year of a delinquent tax sale and sets forth the interest to be paid. As it read at the time these properties were redeemed, § 12–51–90 provided that a defaulting taxpayer could redeem the property upon payment of the "delinquent taxes, assessments, penalties and costs, **together with eight percent interest on the whole amount of the delinquent tax sale bid**.... In the case of a **redemption in the last six months of the redemption period, ... the applicable rate of interest is twelve percent**." Emphasis supplied.[9]

---

7. This result is buttressed by the fact that S.C.Code Ann. § 12–60–2560 (under which the ALJ's jurisdiction in this case is premised) requires a taxpayer to seek a refund "by filing a claim for refund with the county assessor who made the property tax assessment for the property for which the tax refund is sought." Here, the assessment of interest was made by the Delinquent Tax Collector rather than the county assessor.

8. In light of our ruling on the subject matter jurisdiction issue, we would not normally address this issue. However, because the circuit court has already addressed this issue, and in the interest of judicial economy, we proceed to review the proper calculation of interest.

9. The statute has been amended several times since its adoption in 1962. Each version of the statute, however, has included terminology that the interest is to be "on the whole amount of the delinquent tax sale bid." Section 12–51–90 was most recently amended in 2000 and now reads: The lump sum amount of interest due on the whole amount of the delinquent tax sale based on the month during the redemption period the property is redeemed and that rate relates back to the beginning of the redemption period according to the following schedule:

| Month of Redemption Period: | Amount of Interest Imposed: |
| --- | --- |
| First three months | three percent of the bid amount |
| Months four, five, and six | six percent of the bid amount |
| Months seven, eight, and nine | nine percent of the bid amount |
| Last three months | twelve percent of the bid amount |

■■ If a statute's language is plain, unambiguous, and conveys a clear meaning "the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). The words of the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Hitachi Data Sys. Corp. v. Leatherman,* 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992). The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Hawkins v. Bruno Yacht Sales, Inc.,* 353 S.C. 31, 39, 577 S.E.2d 202, 207 (2003).

■ The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons. *Brown v. South Carolina Dep't of Health & Envtl. Control,* 348 S.C. 507, 515, 560 S.E.2d 410, 414 (2002) (*quoting Dunton v. South Carolina Bd. of Examiners in Optometry,* 291 S.C. 221, 223, 353 S.E.2d 132, 133 (1987)); *see also Nucor Steel v. South Carolina Public Serv. Comm'n,* 310 S.C. 539, 543, 426 S.E.2d 319, 321 (1992) (where an agency is charged with the execution of a statute, the agency's interpretation should not be overruled without cogent reason).

It is undisputed that counties have uniformly been collecting a flat rate of interest on redeemed properties. Further, under a plain reading of the statute, it is clear the Legislature intended to impose a flat-fee interest rate of 8% on property redeemed within the first six months, and a 12% rate for the last six months. In light of the wording of the statute that the interest is charged on the **whole amount of the delinquent tax sale bid,** and the fact that the rate increases to 12% if not paid within the first 6 months, it is patent that the Legislature intended a flat rate of interest. This result is bolstered by the recent amendments to § 12–51–90, as shown in footnote 9, which imposes a different interest rate depending upon which **quarter** the property is redeemed (3%, 6%, 9% and 12%). *See Cotty v. Yartzeff,* 309 S.C. 259, 422 S.E.2d 100 (1992) (subsequent statutory amendment may be interpreted as clarifying original legislative intent). We find nothing in the language of

§ 12–51–90 indicating a legislative intent that interest be paid on a per diem basis.

Petitioners cite S.C.Code Ann. § 12–54–25(D), governing the interest due on late taxes, and the applicable tax rate, which states that "the rate of interest on underpayments and overpayments is established by the department in the same manner and at the same time as the underpayment rate provided in Internal Revenue Code Sections 6621(a)(2) and 6622." Under IRC Code § 6622, interest is compounded daily. The compounding of interest under § 12–54–25(D) is inapplicable here. Section 12–51–90 does not deal with the late payment of taxes but, rather, the redemption of property sold at a delinquent tax sale. Further, the Legislature saw fit, in § 12–54–25(D) to set forth a federal tax code section upon which interest would be based. Had the Legislature intended interest under section 12–51–90 to be compounded as set forth in the IRC, it could have plainly said so. *See Tilley v. Pacesetter*, 333 S.C. 33, 508 S.E.2d 16 (1998) (if legislature had intended a certain result in statute it would have said so).[10] The circuit court correctly held § 12–51–90 imposes a flat rate interest fee.

## CONCLUSION

We affirm the Court of Appeals' ruling that the ALJ lacked jurisdiction over Petitioners' claims. We also affirm the circuit court's ruling that Petitioners were properly charged a flat rate of interest.

**AFFIRMED AS MODIFIED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

---

**10.** Interestingly, at the time of this action, S.C.Code Ann. § 34–31–20 stated that ". . . in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent **per annum.**" Emphasis supplied.