**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Melvin T. Roberts, Appellant,

v.

Mark Keel, Director, South Carolina Law Enforcement Division (SLED) and the State of South Carolina, Respondents.

Appellate Case No. 2015-001138

———————————

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-461
Submitted September 1, 2016 – Filed November 9, 2016

———————————

**AFFIRMED**

———————————

Charles Thomas Brooks, III, of Law Office of Charles T. Brooks, III, of Sumter, for Appellant.

Adam L. Whitsett, of the South Carolina Law Enforcement Division, and Senior Assistant Attorney General T. Parkin C. Hunter, both of Columbia, for Respondents.

———————————

**PER CURIAM:**  Melvin T. Roberts appeals the circuit court's order granting Respondents' motion for judgment on the pleadings in Roberts's declaratory judgment action.  On appeal, Roberts argues the circuit court erred in granting Respondents' motion because (1) a genuine issue of material fact existed regarding viable remedies available to Roberts for removal from the South Carolina Sex Offender Registry and (2) the Sex Offender Registry Laws do not provide an adequate and complete legal remedy, thereby making equitable relief appropriate.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  Rule 12(c), SCRCP ("After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."); *Rosenthal v. Unarco Indus., Inc.*, 278 S.C. 420, 422, 297 S.E.2d 638, 640 (1982) ("Where the pleadings are fatally deficient in substance or fail to state a good cause of action in favor of the plaintiff and against the defendant, judgment on the pleadings is proper."); S.C. Code Ann. § 23-3-460 (Supp. 2015) ("A person required to register [on the sex offender registry] is required to register biannually *for life*."  (emphasis added)); S.C. Code Ann. § 23-3-430 (E), (F), (G) (2007 & Supp. 2015) (setting forth three statutory mechanisms by which a person's name may be removed from the sex offender registry); *Key Corp. Capital, Inc. v. Cty. of Beaufort*, 373 S.C. 55, 59, 644 S.E.2d 675, 677 (2007) ("If a statute's language is plain, unambiguous, and conveys a clear meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (quoting *Buist v. Huggins*, 367 S.C. 268, 276, 625 S.E.2d 636, 640 (2006))); *id.* ("[T]his [c]ourt does 'not sit as a superlegislature to second guess the wisdom or folly of decisions of the General Assembly.'" (quoting *Keyserling v. Beasley*, 322 S.C. 83, 86, 470 S.E.2d 100, 101 (1996))); *Regions Bank v. Wingard Props., Inc.*, 394 S.C. 241, 254, 715 S.E.2d 348, 355 (Ct. App. 2011) ("It is well known that equity follows the law." (quoting *Smith v. Barr*, 375 S.C. 157, 164, 650 S.E.2d 486, 490 (Ct. App. 2007))); *id.* ("When providing an equitable remedy, the court may not ignore statutes, rules, and other precedent."); *Key Corp. Capital, Inc.*, 373 S.C. at 61, 644 S.E.2d at 678 ("Indeed, a 'court's equitable powers must yield in the face of an unambiguously worded statute.'" (quoting *Santee Cooper Resort, Inc. v. S.C. Pub. Serv. Comm'n*, 298 S.C. 179, 185, 379 S.E.2d 119, 123 (1989))).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.