**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Edward L. Green, Appellant,

v.

Mark Keel, Director, South Carolina Law Enforcement Division (SLED) and the State of South Carolina, Respondents.

Appellate Case No. 2015-002240

———————

Appeal From Richland County
Tanya A. Gee, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-195
Submitted April 1, 2017 – Filed May 11, 2017

———————

**AFFIRMED**

———————

Charles Thomas Brooks, III, of Law Office of Charles T. Brooks, III, of Sumter, for Appellant.

Adam L. Whitsett, of the South Carolina Law Enforcement Division, and Senior Assistant Attorney General T. Parkin C. Hunter, both of Columbia, for Respondents.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 56(c), SCRCP (providing a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *George v. Fabri*, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001) ("On summary judgment motion, a court must view the facts in the light most favorable to the non-moving party."); S.C. Code Ann. § 23-3-460(A) (Supp. 2016) ("A person required to register [on the sex offender registry] is required to register biannually *for life*." (emphasis added)); S.C. Code Ann. § 23-3-430 (E), (F), (G) (2007 & Supp. 2016) (setting forth three statutory mechanisms by which a person's name may be removed from the sex offender registry); *Key Corp. Capital, Inc. v. Cty. of Beaufort*, 373 S.C. 55, 59, 644 S.E.2d 675, 677 (2007) ("If a statute's language is plain, unambiguous, and conveys a clear meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (quoting *Buist v. Huggins*, 367 S.C. 268, 276, 625 S.E.2d 636, 640 (2006))); *id.* ("[T]his [c]ourt does 'not sit as a superlegislature to second guess the wisdom or folly of decisions of the General Assembly.'" (quoting *Keyserling v. Beasley*, 322 S.C. 83, 86, 470 S.E.2d 100, 101 (1996))); *Regions Bank v. Wingard Props., Inc.*, 394 S.C. 241, 254, 715 S.E.2d 348, 355 (Ct. App. 2011) ("It is well known that equity follows the law." (quoting *Smith v. Barr*, 375 S.C. 157, 164, 650 S.E.2d 486, 490 (Ct. App. 2007))); *id.* ("When providing an equitable remedy, the court may not ignore statutes, rules, and other precedent."); *Key Corp. Capital, Inc.*, 373 S.C. at 61, 644 S.E.2d at 678 ("Indeed, a 'court's equitable powers must yield in the face of an unambiguously worded statute.'" (quoting *Santee Cooper Resort, Inc. v. S.C. Pub. Serv. Comm'n*, 298 S.C. 179, 185, 379 S.E.2d 119, 123 (1989))).

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, JJ., and LEE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.