**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Edward L. Green, Appellant,

v.

Mark Keel, Director, South Carolina Law Enforcement Division (SLED) and the State of South Carolina, Respondents.

Appellate Case No. 2019-000088

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-089
Submitted February 1, 2021 – Filed March 17, 2021

———————

**AFFIRMED**

———————

Charles Thomas Brooks, III, of Law Office of Charles T. Brooks, III, of Sumter, for Appellant.

Adam L. Whitsett, of South Carolina Law Enforcement Division, of Columbia, for Respondent Mark Keel.

Assistant Attorney General Harley Littleton Kirkland, of Columbia, for Respondent State of South Carolina.

———————

**PER CURIAM:** Edward L. Green appeals the circuit court's order granting Mark Keel's and South Carolina's (collectively, Respondents') motion for summary judgment in Green's action for declaratory judgment. On appeal, Green argues the circuit court erred in finding (1) a genuine issue of fact did not exist regarding viable remedies available to Green for removal from the South Carolina Sex Offender Registry (the registry) and (2) this action was barred by res judicata. We affirm.

The circuit court properly granted Respondents' motion for summary judgment. *See* Rule 56(c), SCRCP (providing a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *George v. Fabri*, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001) ("On summary judgment motion, a court must view the facts in the light most favorable to the non-moving party."). Here, there are no disputed facts; rather, Green contends he is entitled to equitable relief because his conviction that required him to register on the registry has been expunged. This court recently determined expungement does not affect sex offender registry requirements. *Young v. Keel*, 431 S.C. 554, 560, 848 S.E.2d 67, 70 (Ct. App. 2020), *pet. for cert. filed*, Case No. 2020-001486 (S.C. Sup. Ct. Nov. 9, 2020). Further, because expungement is a very different procedure than the reversal of a conviction, Green's argument that "expungement should equate to a reversal of his conviction" lacks merit. *See id*. at 558, 848 S.E.2d at 69 ("[T]he scope of the expungement is limited to the destruction of public records of the arrest and conviction and ensuring the confidentiality of the nonpublic records. The scope does not extend to undoing all collateral consequences of the conviction."). The plain language of section 23-3-460 of the South Carolina Code (Supp. 2020) requires persons convicted of certain crimes to register on the sex offender registry bi-annually for life.[1] *See id*. ("A person required to register [on the sex offender registry] pursuant to this article is required to register biannually for life."). Because the registry statute is clear and unambiguous, this court does not have the authority to create an equitable

---

[1] Green concedes none of the statutory provisions for removal from the registry apply to him. *See* S.C. Code Ann. § 23-3-430 (E), (F), (G) (2007 & Supp. 2020) (providing a person's name may be removed from the registry if (1) the conviction is reversed, overturned, or vacated on appeal; (2) the person receives a pardon "based on a finding of not guilty specifically stated in the pardon"; or (3) the person obtains a new trial by writ of habeas corpus or based on newly discovered evidence and is subsequently acquitted).

remedy. *See Key Corp. Capital, Inc. v. County of Beaufort*, 373 S.C. 55, 59, 644 S.E.2d 675, 677 (2007) ("If a statute's language is plain, unambiguous, and conveys a clear meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (quoting *Buist v. Huggins*, 367 S.C. 268, 276, 625 S.E.2d 636, 640 (2006))); *id*. ("[T]his [c]ourt does 'not sit as a superlegislature to second guess the wisdom or folly of decisions of the General Assembly.'" (quoting *Keyserling v. Beasley*, 322 S.C. 83, 86, 470 S.E.2d 100, 101 (1996))); *id*. at 61, 644 S.E.2d at 678 ("[A] 'court's equitable powers must yield in the face of an unambiguously worded statute.'" (quoting *Santee Cooper Resort, Inc. v. S.C. Pub. Serv. Comm'n*, 298 S.C. 179, 185, 379 S.E.2d 119, 123 (1989))); *Santee Cooper*, 298 S.C. at 185, 379 S.E.2d at 123 ("Equitable relief is generally available only where there is no adequate remedy at law. An adequate legal remedy may be provided by statute."); *id.* ("An 'adequate' remedy at law is one which is as certain, practical, complete and efficient to attain the ends of justice and its administration as the remedy in equity."). Thus, we affirm pursuant to Rule 220(b), SCACR.[2]

**AFFIRMED.**[3]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[2] Because this issue is dispositive, we decline to consider whether the circuit court properly determined this action was barred by res judicata. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing an appellate court need not address an issue when a prior issue is dispositive).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.