532 S.E.2d 617

**H & K SPECIALISTS, Appellant,**

v.

**William D. BRANNEN, Lavada A. Brannen, The Beaufort County Treasurer, The Beaufort County Tax Collector, and the County of Beaufort, Respondents.**

No. 3182.

Court of Appeals of South Carolina.

Heard May 9, 2000.

Decided June 5, 2000.

Donald A. Kennedy, Jr., of Kennedy & Delaney, of Bluffton, for appellant.

Patrick M. Higgins and Scott A. Seelhoff, both of Howell, Gibson & Hughes, of Beaufort; and Fletcher M. Johnson, Jr., of Vaux & Marscher, of Bluffton, for respondents.

HEARN, Chief Judge:

H & K Specialists (H & K) bought property at a Beaufort County tax sale for $4,000. The tax sale was later set aside and H & K brought this action against the taxpayers and several Beaufort County defendants[1] to recover the purchase price plus interest. The Beaufort County Master–in–Equity granted the Beaufort County Respondents' motion for judgment on the pleadings, holding H & K could recover only against the taxpayers. H & K appeals. We reverse and remand.

## BACKGROUND

William D. and Lavada A. Brannen failed to pay their 1991 taxes on property they owned in Beaufort County. H & K subsequently bought the property at a tax sale on October 5, 1992. After the Brannens failed to redeem the property within the statutory redemption period, title passed to H & K. In 1995, the Brannens brought an action to set aside the tax sale. The Beaufort County Master–in–Equity set the tax sale aside, holding the county treasurer failed to provide proper notice to the Brannens. The Brannens were issued a new deed, but H & K did not receive a refund of their purchase price or any interest. When H & K demanded $4,000 plus statutory interest from the county treasurer, the treasurer informed H & K that the Brannens received the $4,000, less the taxes and penalties due. H & K then brought this action.

The master granted the Beaufort County Respondents' motion for judgment on the pleadings on two grounds. First, the court concluded that because the Brannens were in possession of the property and because they received the money H & K paid for the property, they, rather than the Beaufort

---

1. Specifically, H & K named the Beaufort County treasurer, the Beaufort County tax collector, and the county itself as defendants.

County Respondents, owed H & K the money. Second, the court held the Beaufort County Respondents were immune from liability pursuant to South Carolina Code Section 15–78–60(11), which provides in pertinent part that governmental entities are "not liable for a loss resulting from ... assessment or collection of taxes or special assessments or enforcement of tax laws...." S.C.Code Ann. § 15–78–60(11) (Supp. 1999). H & K appeals.

## DISCUSSION

■ H & K first argues the Beaufort County Respondents should not be entitled to immunity under South Carolina Code Section 15–78–60(11) (Supp.1999). We agree.

In order for the Beaufort County Respondents to be immune under Section 15–78–60(11), H & K's loss would have to be the result of the county's "assessment or collection of taxes or ... enforcement of tax laws." § 15–78–60(11). In this case, H & K's loss is a direct result of the Beaufort County Respondents' failure to refund H & K the purchase price when a tax sale was set aside, a ministerial act separate and distinct from assessing, collecting or enforcing tax laws against a taxpayer. Moreover, the discernible purpose behind the immunity provision contained in subsection (11) is to afford a governing entity protection from suit by persons like the Brannens who lose property because of a faulty tax sale, not to shield the entity from liability for refunding money to the wrong party. Therefore, we hold that section 15–78–60(11) is inapplicable here.

■ H & K next asserts that South Carolina Code Section 12–51–100 requires the Beaufort County Respondents to refund H & K the money it paid for the property plus eight percent interest, and therefore, judgment on the pleadings was improper. We agree.

South Carolina Code Ann. Section 12–51–100 (Supp.1997) provides:

Upon the real estate being redeemed, the person officially charged with the collection of delinquent taxes shall cancel the sale in the tax sale book and note thereon the amount paid, by whom and when. The successful purchaser, at the

delinquent tax sale, shall promptly be notified by mail to return the tax sale receipt to the person officially charged with the collection of delinquent taxes in order to be expeditiously refunded the purchase price plus the eight percent interest provided in § 12–51–90.[2]

Beaufort County Respondents argue that the situation presented here does not constitute a redemption because the statutory redemption period had expired. We view the return of the property to the Brannens as the ultimate redemption and hold that section 12–51–100 applies. It is inconceivable to this court that the General Assembly would require the taxing entity to "expeditiously refund[ ] the purchase price" to the tax sale purchaser when the property is redeemed during the redemption period, but not require the entity to do so when a tax sale is set aside. In our view, this would constitute an absurd result and one that could not have been intended by the General Assembly.[3]

The Beaufort County Respondents cite *Red Oak Lands, Inc. v. Lane*, 268 S.C. 631, 235 S.E.2d 718 (1977), for the proposition that absent a statute to the contrary, the doctrine of caveat emptor applies to tax sales and the purchaser cannot recover from a taxing authority in the event the tax sale is set aside. However, as noted above, we find section 12–51–100 is broad enough to cover the present factual situation and afford H & K a statutory remedy.

---

**2.** In a 1998 amendment, effective July 6, 1998, the General Assembly amended section 12–51–100 and substituted "interest provided in Section 12–51–90" for "eight percent interest provided in § 12–51–90." *See* S.C.Code Ann. § 12–51–100 (Supp.1999).

**3.** At oral argument, counsel for the Beaufort County Respondents argued that the county acted appropriately in refunding the overage, the purchase price less the delinquent tax amount, according to statutory direction. Although counsel could not cite the pertinent statute, we presume he based his argument on South Carolina Code Section 12–51–130 (Supp.1999). Section 12–51–130 applies when the defaulting taxpayer fails to redeem the realty and the tax sale purchaser has received tax title. In the present case, however, the tax sale was set aside, which is tantamount to a redemption, and the defaulting taxpayer, not the purchaser, received title to the realty. Furthermore, the Beaufort County Respondents did not refund the overage to the Brannens when the redemption period lapsed, as required under the statute, but waited until after the tax sale was set aside. Therefore, we find section 12–51–130 inapplicable.

Finally, we are mindful of the fact that the master based his decision, in part, on the fact that the Brannens received both the property and the money and thus H & K's sole remedy was against the Brannens. However, it was the Beaufort County Respondents which created this inequitable situation by failing to provide the Brannens with the proper notice that resulted in the tax sale being set aside and erred in refunding the purchase price, less the tax delinquency, to the Brannens rather than to H & K. Therefore, we do not believe H & K is limited to pursuing a legal remedy solely against he Brannens.

Accordingly, we reverse the order on appeal and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

ANDERSON and HUFF, JJ., concur.