THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
H & K Specialists,       
Respondent,
 
 
 

v.

 
 
 
William D. Brannen, Lavada Brannen, The Beaufort County Treasurer, The 
 Beaufort County Tax Collector and the County of Beaufort,       
Defendants,
Of Whom The Beaufort County Treasurer, The Beaufort County Tax Collector, 
 and The County of Beaufort are the       
Appellants.
 
 
 

Appeal From Beaufort County
Thomas Kemmerlin, Circuit Court Judge

Unpublished Opinion No. 2003-UP-513
Submitted May 12, 2003  Filed August 
 27, 2003  

AFFIRMED

 
 
 
Mary Bass Lohr, of Beaufort, for Appellants.
Gregory Milam Alford, of Hilton Head Island, for Respondent.
 
 
 

PER CURIAM:  The Beaufort County Treasurer, 
 the Beaufort County Tax Collector, and the County of Beaufort (collectively, 
 the County) appeal the master-in-equitys order granting judgment against it 
 for $4,000 plus statutory interest found owing to H & K Specialists (H & 
 K).  This award was a refund for a tax sale that was later set aside.  On appeal, 
 the County argues the master erred in awarding judgment against it for the overage 
 and statutory interest.  We affirm.
FACTS/PROCEDURAL BACKGROUND
In 1991, William D. Brannen and Lavada A. Brannen 
 failed to pay their taxes on property they owned in Beaufort County.  On October 
 5, 1992, H & K purchased the property at a tax sale for $4,000.  The County 
 applied the $4,000 proceeds to satisfy the Brannens $646.36 tax debt, after 
 which a $3,353.64 overage remained.  After the Brannens failed to redeem the 
 property within the one-year statutory redemption period, title passed to H 
 & K in January 1994.  
In February 1994, First Atlanta 
 Mortgage Corporation, using a power of attorney granted by the Brannens, requested 
 the $3,353.64 overage from the County.  The County paid the Brannens the overage 
 within a few days, as required by statute.  
The Brannens brought an action 
 to set aside the tax sale in 1995, alleging the County failed to provide them 
 proper notice of the sale. [1]   
 The Beaufort County Master-in-Equity agreed and set the tax sale aside.  
 The Brannens were issued a new deed.  However, the Brannens did not return the 
 overage which they had previously received from the County.  Additionally, the 
 County did not refund to H & K the $4,000 it paid for the property at the 
 tax sale.   H & K requested a refund of the overage, which had been 
 paid by the County to the Brannens, but the County refused.  
H & K instituted the present 
 action in November 1998, seeking a refund of the purchase price it paid to the 
 County for the property.  The County moved for judgment on the pleadings, 
 which the master granted based on two grounds.  First, the master reasoned that 
 because the Brannens received both possession of the property and the overage, 
 they, rather than the County, owed H & K a refund of its purchase price. 
 Second, the master concluded the County was immune from liability under the 
 South Carolina Tort Claims Act.  H & K appealed from the masters ruling.
In H & K Specialists v. Brannen, 340 
 S.C. 585, 532 S.E.2d 617 (Ct. App. 2000) (hereinafter Brannen I), this 
 court reversed and remanded the masters order, finding that both the County 
 and the Brannens could be liable for refunding the purchase price to H & 
 K.  Specifically, this court held the County was not immune from liability because 
 H & Ks loss did not result from the Countys assessment or collection 
 of taxes or . . . enforcement of tax laws.  S.C. Code Ann. § 15-78-60(11).  
 Instead, we held H & Ks loss resulted from the Countys failure to refund 
 the purchase price when a tax sale was set aside, an act separate and distinct 
 from assessing, collecting, or enforcing tax laws.  
More importantly, we held in Brannen I that 
 section 12-51-100 of the South Carolina Code of Laws requires the County to 
 refund H & K its purchase price plus eight percent interest.  No appeal 
 was taken from this courts decision in Brannen I.
On remand, the master entered judgment against 
 the County for $4,000 plus interest at eight percent from the time of H & 
 Ks payment of the purchase price.  He further awarded judgment against the 
 County for the amounts H & K paid for the 1992 and 1993 taxes on the property, 
 plus eight percent interest starting from the respective dates of the payments.  
 The master entered an identical judgment against the Brannens.  
The County made a motion for reconsideration, which 
 the master denied.  {R. 4}  This appeal follows.
LAW/ANALYSIS
I.       Overage
The County argues that since 
 it was statutorily required to pay the overage to the Brannens, the master erred 
 in entering judgment against it for the tax sale overage.  Specifically, the 
 County contests the masters finding that the County erred in refunding the 
 purchase price to the Brannens rather than H & K.  We find this argument 
 unavailing.
In Brannen I, this court considered whether 
 H & K was limited to pursuing a legal remedy against the Brannens, or if 
 it could also pursue a legal remedy against the County.  There, this court stated:  
 [The County] created this inequitable situation . . . and erred in refunding 
 the purchase price, less the tax delinquency, to the Brannens rather than to 
 H & K.  Therefore, we do not believe H & K is limited to pursuing a 
 legal remedy solely against [the] Brannens.  Brannen, 340 S.C. at 589, 
 532 S.E.2d at 620.  The County did not appeal these findings. Thus, they are 
 the law of the case.  See Buckner v. Preferred Mut. Ins. Co., 
 255 S.C. 159, 160-61, 177 S.E.2d 544, 544 (1970) (holding an unchallenged ruling, 
 right or wrong, is the law of the case).  Accordingly, we find the master did 
 not err in entering judgment against the County for its error in refunding the 
 overage to the Brannens rather than to H & K. 
II.      Statutory Interest
The County maintains that the master lacked the authority 
 to award statutory interest on the overage to H & K.  We disagree.
The County argues that the masters authority for 
 granting interest is based on a purportedly erroneous holding in Brannen 
 I.  In that case, this court held that the judicial voidance of a tax sale 
 constituted the ultimate redemption and, as such, required the County to pay 
 the tax sale purchaser statutory interest. [2]   The County now argues that in Brannen I, 
 this court was in clear error in likening the judicial revocation of a tax 
 sale to a redemption because no such provision statutorily exists.  However, 
 the County failed to appeal this courts ruling in Brannen I, so that 
 ruling is now the law of the case.  Buckner, 255 S.C. at 160-61, 177 
 S.E.2d at 544.   Accordingly, we find that the master properly awarded statutory 
 interest on the overage to H & K.
CONCLUSION
For the forgoing reasons, the order of the master is
AFFIRMED.
HEARN, C.J., CONNOR and STILWELL, JJ., concur.

 
 [1]   These facts are not explicit from the record, 
 but are allegations from H & Ks complaint that the County admitted in 
 its answer.  

 
 [2] South Carolina Code Ann. § 12-15-100 
 (Supp. 1997) provides:
 
 Upon the real estate being 
 redeemed, the person officially charged with the collection of delinquent 
 taxes shall cancel the sale in the tax sale book and note thereon the amount 
 paid, by whom and when. The successful purchaser, at the delinquent tax sale, 
 shall promptly be notified by mail to return the tax sale receipt to the person 
 officially charged with the collection of delinquent taxes in order to be 
 expeditiously refunded the purchase price plus the eight percent interest 
 provided in § 12-51-90.
 
 Effective July 6, 1998, 
 the General Assembly amended section 12-51-100 and substituted interest provided 
 in Section 12-51-90 for eight percent interest provided in § 12-51-90. 
 See S.C. Code Ann. § 12-51-100 (Supp. 1999).