THE STATE OF SOUTH CAROLINA
 In The Court of Appeals

 
 
 
 SPD Investment Company, LLC, a South Carolina Limited Liability Company,       
 Appellant,
 
 
 

v.

 
 
 
 The County of Charleston, a body politic, and TransAm Financial Group 
 d/b/a Advantage 99 TD,        Defendants,
 of whom The County of Charleston, a body politic is the       
 Respondent.
 
 
 

Appeal From Charleston County
 Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2004-UP-039
 Heard October 8, 2003 – Filed January 
 21, 2004

AFFIRMED IN PART, REVERSED IN PART,
 AND REMANDED

 
 
 
 Benjamin Goldberg, of Charleston, for Appellant. 
 Bernard Eugene Ferrara, Jr., and Joseph Dawson, III, both 
 of N. Charleston, for Respondent.
 
 
 

PER CURIAM:  SPD Investment Company, LLC, 
 sued the County of Charleston seeking the return of money it spent to redeem 
 a property sold at a tax sale that was later deemed void.  The master granted 
 the County’s motions for summary judgment.  We affirm in part, reverse in part, 
 and remand. 
BACKGROUND

 SPD was formed in 1997.  SPD’s organizing documents listed Robert 
 Shuman and Sunbelt Business Brokers Network, Inc. as its members and Shuman 
 as its manager.  SPD’s place of business was listed as 2 Amherst Street in 
 Charleston, property the corporation purchased simultaneously with its formation.  
 The deed to the property on 2 Amherst Street stated the grantee’s address 
 as 42 Savage Street in Charleston, which was Shuman’s personal residence.  
 In July 1998, Shuman left SPD and transferred his ownership interest in SPD 
 to Sunbelt.  SPD filed amended organizing documents in which it continued 
 to show 2 Amherst Street as its place of business.  
 The 1998 property taxes were not paid for 2 Amherst Street.  In 
 April 1999, the delinquent tax collector for Charleston County mailed an execution 
 notice to Shuman’s residence, notifying SPD that the 1998 taxes were past 
 due.  Shuman had moved to Boston and the execution notice was returned to 
 the delinquent tax collector marked either "Forwarding Time Expired, Return 
 to Sender” or "Forwarding Address Expired, Return to Sender.”  Pursuant to 
 statute, the delinquent tax collector mailed a second notice by certified 
 restricted delivery to Shuman’s residence.  That notice informed SPD the 1998 
 property taxes must be paid by October 1, 1999 to avoid the tax sale scheduled 
 for October 4, 1999.  Shuman’s wife signed the return receipt.  
 The Amherst Street property was sold to TransAm Financial Group 
 for $300,000 at a tax sale.  SPD learned the property was sold after the tax 
 sale.  SPD’s attorney communicated with the County, contending the tax sale 
 was void because SPD had not received notice.  The County refused to void 
 the tax sale and SPD paid $43,413.47, of which $36,000 was interest, to redeem 
 the property.  SPD paid this amount under protest.  
 SPD filed suit against the County alleging the tax sale was void 
 because the County failed to give SPD proper notice, and sought the return 
 of the money it spent to redeem the property.  SPD also asked for interest 
 it paid to borrow the money necessary to redeem the property.  The complaint 
 was amended to include TransAm and TransAm filed a cross-claim against the 
 County seeking payment of the interest SPD paid to redeem the property.  SPD 
 moved for summary judgment on its cause of action to declare the tax sale 
 void and obtain the return of the redemption money it paid.  The County filed 
 summary judgment motions on both of SPD’s causes of action.  
 After a hearing on the motions, the master denied SPD’s motion and 
 granted the County summary judgment on both of SPD’s causes of action.  In 
 his original order, the master partially based granting the County’s motions 
 on mootness.  After receiving SPD’s motion for reconsideration, the master 
 issued an amended order deleting mootness as a ground supporting his decision 
 to grant the County’s motions but still found the grant of summary judgment 
 proper.  SPD appeals.  
 STANDARD OF REVIEW
 Summary judgment is appropriate when there is no genuine issue of 
 material fact and the moving party is entitled to summary judgment as a matter 
 of law.  Conner v. City of Forest Acres, 348 S.C. 454, 462, 560 S.E.2d 
 606, 610 (2002).  When determining whether triable issues of fact exist, all 
 evidence and reasonable inferences drawn from the evidence are viewed in the 
 light most favorable to the nonmoving party.  Osborne v. Adams, 346 
 S.C. 4, 7, 550 S.E.2d 319, 321 (2001).  An appellate court uses the same standard 
 applied by the trial court when reviewing the grant of summary judgment.  George v. Fabri, 345 S.C. 440, 451 n.5, 548 S.E.2d 868, 873-74 n.5 
 (2001).  If the facts and the inferences indicate triable issues exist, those 
 issues must be presented to the jury.  Worsley Cos. v. Town of Mt. Pleasant, 
 339 S.C. 51, 55, 528 S.E.2d 657, 660 (2000). 

 LAW/ANALYSIS
 I.  Return of Redemption Money
 SPD argues the master erred when he granted the County summary judgment 
 on its cause of action seeking return of the money it spent to redeem 2 Amherst 
 Street because the tax sale was void and it was entitled to a return of the 
 money.  We agree that summary judgment on this claim was improper.

The master’s order found for the purposes of the 
 summary judgment motions that the tax sale was void "because the delinquent 
 tax collector did not exercise due diligence in attempting to obtain a better 
 address for SPD after it received the April 1, 1999 execution notice back from 
 the Postal Service with notice that the address was no longer valid.”  Because 
 the County has not appealed this ruling, it is the law of the case.  See ML-Lee Acquisition Fund, L.P. v. Deloitte & Touche, 327 S.C. 238, 
 241, 489 S.E.2d 470, 472 (1997) (holding an unappealed ruling is the law of 
 the case and cannot later be challenged).  
SPD’s claim for a return of the money 
 it used to redeem property sold at a void tax sale presents a novel legal issue.  
 Our courts have never addressed what entity is responsible when a taxpayer redeems 
 property that was sold at a tax sale that is later deemed void.  Although summary 
 judgment is not inappropriate merely because of the novelty of the legal issue 
 involved, it is improper where, as here, "further inquiry into the facts is 
 desirable to clarify the application of the law.”  ML-Lee Acquisition Fund 
 L.P. v. Deloitte & Touche, 320 S.C. 143, 153, 463 S.E.2d 618, 
 624 (Ct. App. 1995), rev’d in part on other grounds, 327 S.C. 238, 489 
 S.E.2d 476 (1997).  Thus we reverse the grant of summary judgment on this claim 
 and remand so that the facts and legal theories may be fully developed.  
II.  Return of Interest on Money Borrowed 
 to Redeem

 SPD argues the master erred in granting the County summary judgment 
 on its cause of action for interest it paid on money borrowed to redeem the 
 property from the County.  We disagree.
 This court addressed a similar situation in H & K Specialists 
 v. Brannen, 340 S.C. 585, 532 S.E.2d 617 (Ct. App. 2000).  In H & 
 K, the master found a tax sale void after the statutory redemption period 
 expired because the county failed to provide sufficient notice of the tax 
 sale to the taxpayer.  The county sent the taxpayers a new deed but did not 
 refund the purchase price plus statutory interest to H & K, the successful 
 tax sale bidder.  Instead, the county mistakenly sent the money to the taxpayer.  
 H & K sued the county seeking return of the purchase price and statutory 
 interest.  Id. at 586, 87, 532 S.E.2d at 618-19.  The county asserted 
 section 15-78-60(11) as a defense.  Section 15-78-60(11) provides:  a "governmental 
 entity is not liable for a loss resulting from:  (11) assessment or collection 
 of taxes or special assessments or enforcement of tax laws.”  S.C. Code Ann. 
 § 15-78-60(11) (Supp. 2003).  This court rejected the county’s argument stating: 

 
 In order for [the county] to be immune under Section 
 15-78-60(11), H & K’s loss would have to be the result of the county’s 
 "assessment or collection of taxes or . . . enforcement of tax laws.”  In 
 this case, H & K’s loss is a direct result of the [county’s] failure 
 to refund H & K the purchase price when a tax sale was set aside, a ministerial 
 act separate and distinct from assessing, collecting, or enforcing tax laws 
 against a taxpayer.
 

 H & K Specialists, 340 S.C. at 587, 532 S.E.2d 
 at 619.
 However, H & K states the purpose of section 
 15-78-60(11) is to shield the County from liability when taxpayers lose property 
 as a result of a faulty tax sale.  Id.  SPD’s action against the County 
 for interest fees incurred by borrowing the money to redeem the property is 
 the type of damages precluded by section 15-78-60(11).  Here, the County was 
 enforcing the tax laws against SPD.  The money SPD paid in interest on funds 
 borrowed to redeem the property were losses incurred pursuant to a faulty 
 tax sale and the legislature has precluded recovery by SPD for these damages.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
STILWELL, HOWARD, and KITTREDGE, JJ., concur.