674 S.E.2d 495

**CRUSADER SERVICING CORPORATION,**
**Respondent/Appellant,**

v.

**The COUNTY OF LAURENS, South Carolina, a Body Politic, and Southeastern Housing Foundation,**
**Appellants/Respondents.**

**No. 4464.**

Court of Appeals of South Carolina.

Heard Oct. 22, 2008.

Decided Dec. 4, 2008.

Withdrawn, Substituted and Refiled Feb. 26, 2009.

26

Robert Hill, of Newberry and Benjamin Goldberg, of Charleston, for Respondent/Appellant.

William Douglas Gray, of Anderson, for Appellant/Respondent, Laurens County.

Richard B. Ness, of Bamberg, for Appellant/Respondent, Southeastern Housing Foundation.

KONDUROS, J.:

Laurens County (the County) and Southeastern Housing Foundation (Southeastern) appeal the special referee's finding they were jointly and severally liable to Crusader Servicing Corporation (Crusader) for bid interest related to a delinquent tax sale. Crusader cross-appeals alleging the special referee erred in denying its request for statutory prejudgment interest. We affirm in part and reverse in part.

## FACTS

Southeastern failed to pay *ad valorem* property taxes for 2001 and 2002 for its property located in Laurens County and known as the Westside Manor Apartments. In 2003, the County proceeded with a tax sale of the property. Crusader bid $348,000 [1] for the property and deposited the bid money with the County. Southeastern claimed it was tax exempt and filed for such status with the Department of Revenue (the Department) subsequent to the sale of the property.[2] Two

---

1. This was a clear overbid for the property.

2. The record is unclear whether Southeastern may have at some point been declared tax exempt for the year 2001, but it is undisputed that

days prior to the expiration of the redemption period, Southeastern paid the taxes due to Laurens County plus twelve percent interest to be given to Crusader as the bidder pursuant to section 12–51–90(B) of the South Carolina Code (Supp. 2007). Four days later, the Department awarded Southeastern tax exempt status for the year 2002. Laurens County returned $67,569.00 to Southeastern, which specifically included the twelve percent interest on Crusader's bid.

The County sent a letter to Crusader indicating the tax sale was void and requesting return of the tax sale receipt to the property in exchange for a refund of the bid amount. Crusader refused to return the tax sale receipt at that time, arguing it was entitled to the twelve percent interest under the redemption statute. The parties eventually entered a consent order in August of 2005 pursuant to which Crusader returned the tax sale receipt, and the County returned the bid money to Crusader.

Litigation ensued, and the special referee concluded Southeastern and Laurens County were jointly and severally liable for the twelve percent bid interest. The court reasoned the redemption statute provided for the payment of the interest. The court found the County was without authority under section 12–51–100 of the South Carolina Code (2000) to void a tax sale unless they made a procedural error in the conduct of the sale. The County and Southeastern appeal.

## STANDARD OF REVIEW

"The sale of the property of a defaulting taxpayer is governed by statute." *Key Corporate Capital Inc., v. County of Beaufort,* 373 S.C. 55, 59, 644 S.E.2d 675, 677 (2007). Statutory interpretation is a question of law. *State v. Sweat,* 379 S.C. 367, 373, 665 S.E.2d 645, 648 (Ct.App.2008). "When an appeal involves stipulated or undisputed facts, an appellate court is free to review whether the trial court properly applied the law to those facts. In such cases, the appellate court is not required to defer to the trial court's legal conclusions." *Id.,* 665 S.E.2d at 649. "If a statute's language is plain,

---

Southeastern was assessed the taxes, failed to pay them in a timely manner, and was ultimately found liable for the *ad valorem* taxes for 2001.

unambiguous, and conveys a clear meaning, 'the rules of statutory interpretation are not needed and the court has no right to impose another meaning.'" *Buist v. Huggins*, 367 S.C. 268, 276, 625 S.E.2d 636, 640 (2006) (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000)).

## LAW/ANALYSIS

### I. Bid Interest Under Sections 12–51–90, 12–51–100, and 12–51–150 of the South Carolina Code

■ Southeastern contends the special referee erred in finding it liable to Crusader for bid interest pursuant to section 12–51–90 of the South Carolina Code (Supp.2007) because the tax sale was voided once Southeastern was declared tax exempt for 2002. We disagree.

Under section 12–51–90(A), the defaulting taxpayer may redeem the affected property within the redemption period by paying delinquent taxes, assessments, penalties, and costs, together with interest as provided in subsection (B). Subsection (B) requires the delinquent taxpayer to remit interest on the tax sale bid amount in accordance with the schedule set forth. For property redeemed in the final three months of the redemption period, the interest rate is twelve percent. Section 12–51–100 of the South Carolina Code (2000) dictates what happens when the redemption is instituted: "The successful purchaser, at the delinquent tax sale, shall promptly be notified by mail to return the tax sale receipt to the person officially charged with the collection of delinquent taxes in order to be expeditiously refunded the purchase price *plus the interest provided in Section 12–51–90*." (emphasis added).

Section 12–51–150 of the South Carolina Code (Supp.2007) governs the procedure for voiding a tax sale:

> If the official in charge of the tax sale discovers before a tax title has passed that there is a failure of any action required to be properly performed, the official may void the tax sale and refund the amount paid, plus interest in the amount actually earned by the county on the amount refunded, to the successful bidder. If the full amount of the taxes, assessments, penalties, and costs have not been paid, the property must be brought to tax sale as soon as possible.

The statutory framework for tax sales does not seem to contemplate the precise situation presented in this case. The interest provision of section 12–51–90(B) is intended to encourage the prompt payment of delinquent taxes and to penalize the delinquent taxpayer for delay. Furthermore, the interest provision is an incentive for purchasers to bid on tax sale property even though there is risk involved that the property could be redeemed or the sale voided altogether.[3]

Once the redemption was accomplished by Southeastern under section 12–51–90, the terms of section 12–51–100 were triggered, and Crusader was entitled to the twelve percent interest on its bid. Section 12–51–150 does not provide that the official in charge of conducting the sale can void the sale because taxes were wrongfully assessed and the property was tax exempt. It only addresses situations in which the sale was not properly conducted. We decline to read more into the statute than can be discerned from its plain language. *See Buist v. Huggins*, 367 S.C. 268, 276, 625 S.E.2d 636, 640 (2006) (finding the court cannot impose another meaning on plain statutory language). Therefore, we cannot conclude the sale was void pursuant to section 12–51–150.

However, as Southeastern points out, section 12–4–730 of the South Carolina Code (2000) permits the county auditor to "void any tax notice applicable to the property" once notified by the department that a property is exempt from *ad valorem* taxes. We do not find it necessary to determine whether the auditor could retroactively void the tax notice thereby nullifying the sale. The record shows Southeastern did not pay, nor did it attempt to pay, the 2001 back taxes until after the tax sale. It is undisputed Southeastern was ultimately responsible for paying those taxes. The county was within its rights to proceed with a sale of the subject property based on the outstanding taxes owed for 2001. The failure to pay the undisputedly due taxes validates the sale even if the tax notice for the 2002 taxes was retroactively voided. Consequently, the sale was valid, the redemption was valid, and the subsequent determination of tax exempt status for 2002 did

---

**3.** We recognize section 12–51–150 provides the bidder is entitled to the interest actually accrued on the bid amount in the event the sale is voided.

not affect the sale. The tax exempt determination entitled Southeastern to the refund of taxes assessed for 2002, but did not render the requirements under sections 12–51–90 and 12–51–100 ineffective. Therefore, we find the special referee correctly concluded Southeastern was required to pay the bid interest to the County of Laurens to be remitted to Crusader.

■ The County argues it should not be responsible for payment of the bid interest to Crusader. We agree. Under the statute, the person officially charge with the collection of delinquent taxes should "expeditiously refund the purchase price plus the interest provided in Section 12–51–90." § 12–51–100. Under section 12–51–90, it is the defaulting taxpayer, in this case Southeastern, who is responsible for *paying* the bid interest. The County, under the statute, is responsible for remitting the paid money to the bidder as part of the redemption process.

Our analysis with respect to the County's liability must be performed in light of another case from this court, *H & K Specialists v. Brannen*, 340 S.C. 585, 532 S.E.2d 617 (2000). In *H & K Specialists*, the Beaufort County treasurer provided improper notice regarding the tax sale of the property. Id. at 586, 532 S.E.2d at 618. After the title to the property had passed to the successful bidder, H & K, the treasurer set aside the sale and refunded the purchase price less the tax delinquency to the defaulting taxpayers, the Brannens. Id. H & K then sued Beaufort County for the return of its purchase price plus statutory interest as provided under the redemption statute. *Id.* In finding the County liable for the funds, the court stated:

> Finally, we are mindful of the fact that the master based his decision, in part, on the fact that the Brannens received both the property and the money and thus H & K's sole remedy was against the Brannens. However, it was the Beaufort County Respondents which created this inequitable situation by failing to provide the Brannens with the proper notice that resulted in the tax sale being set aside and erred in refunding the purchase price, less the tax delinquency, to the Brannens rather than to H & K. There-

fore, we do not believe H & K is limited to pursuing a legal remedy solely against the Brannens.

*Id.* at 589, 532 S.E.2d at 619–20.

In this case, the County does not appear to be responsible for the inequity that has resulted to the parties. Southeastern neglected to pay its 2001 taxes and was not as diligent as it should have been in ascertaining the status of its tax exemption for 2002. Had Southeastern paid the taxes due and then sought a refund, the property would not have been sold, thereby avoiding the present scenario.

The County was faced with a legitimate conundrum in light of the Department's notice of tax exemption being issued almost simultaneously with the redemption. The County consulted its legal counsel, and based on that advice proceeded to refund the 2002 taxes and the bid interest paid to Southeastern believing the sale to be legally void at that time. The County then attempted to return the purchase price to Crusader as mandated and was willing to return the interest actually earned.

We do not find statutory authority for requiring the County to pay the bid interest to Crusader, and we find the present facts distinguishable from those present in *H & K Specialists* so that the County should not be found jointly and severally liable with Southeastern for the bid interest. Therefore, we conclude the bid interest was properly due to Crusader under section 12–51–100, but only Southeastern, the defaulting taxpayer thereunder, is liable for payment.

## II. Statutory Prejudgment Interest on the Bid Interest

Crusader contends the special referee erred in denying its request for statutory prejudgment interest on the bid interest it was due under the redemption statute. We disagree.

Section 34–31–20(A) of the South Carolina Code (Supp.2007) provides "[i]n all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, *being due,* shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum." (emphasis added). Prejudgment interest is allowed if the sum is certain or capable of being reduced to

certainty based on a mathematical calculation previously agreed to by the parties. *Butler Contracting, Inc. v. Court St., LLC,* 369 S.C. 121, 133, 631 S.E.2d 252, 258–59 (2006).

In the instant case, the sum due to Crusader was the bid interest under the redemption statute. Although the bid interest ultimately would be paid to Crusader, the statute required the money first pass from Southeastern through the County. According to the County, *the bid interest was no longer due and owing.* Consequently, the sum was removed from the purview of section 34–31–20(A), and Crusader is not entitled to statutory prejudgment interest.

### III. Statutory Interest on the Bid

The County contends the special referee erred in awarding Crusader $25,375 in interest on Crusader's $348,000 bid. We agree.

The special referee awarded statutory prejudgment interest pursuant to section 34–31–20(A) for the period of time in which the County held Crusader's bid money while awaiting return of the tax sale receipt. According to section 12–51–100, "[t]he successful purchaser, at the delinquent tax sale, shall promptly be notified by mail to return the tax sale receipt to the person officially charged with the collection of delinquent taxes *in order to be expeditiously refunded the purchase price* plus the interest provided in section 12–51–90." (emphasis added). Thus, as a condition precedent to return of the bid, the bidder is required to return the tax sale receipt. Therefore, we find the County is not liable for prejudgment interest on Crusader's bid for the time in which Crusader retained the tax sale receipt after notification by the County.

### CONCLUSION

We find Southeastern liable for the bid interest due to Crusader pursuant to section 12–51–100, but Southeastern is not responsible for statutory prejudgment interest. We conclude this case is distinguishable from *H & K Specialists* so that the County is not responsible for payment of the bid interest or statutory prejudgment interest. We further find the County is not liable for prejudgment interest on Crusad-

er's bid for the time in which Crusader retained the tax sale receipt. Therefore, the order of the circuit court is

**AFFIRMED IN PART and REVERSED IN PART.**

ANDERSON and WILLIAMS, JJ., concur.