**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Hallenbeck Sisters, LLC, Appellant,

v.

Ronald D. Hall and Mary M. Scarborough, Solely in Their Capacities as Acting Delinquent Tax Collector and Delinquent Tax Collector, Respectively, for Charleston County, Respondents.

Appellate Case No. 2013-001280

———————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-454
Heard February 5, 2015 – Filed September 9, 2015

———————

**REVERSED AND REMANDED**

———————

Shane William Rogers, Steven Michael Querin, and Howard R. Kinard, Johnson Smith Hibbard & Wildman, LLP, of Spartanburg, all for Appellant.

Joseph Dawson, III, Bernard E. Ferrara, Jr., Bradley Allen Mitchell, and Austin Adams Bruner, of North Charleston, all for Respondents.

———————

**PER CURIAM:**  Hallenbeck Sisters, LLC appeals the circuit court's order granting summary judgment on its action against the delinquent tax collector of Charleston County,[1] alleging violations of South Carolina Code sections 12-51-40 and 12-51-120 (2014), and seeking reimbursement of the interest it was required to pay to redeem property sold at a tax sale.  We reverse the summary judgment order and remand for further proceedings.

## I.  Facts and Procedural History

Aiquyen Thi Tiet owned commercial property located at 226 Calhoun Street, Charleston, South Carolina, but failed to pay the property taxes due for 2010.  In the fall of 2011, the tax collector for Charleston County mailed two notices to Tiet as required by section 12-51-40.  Each notice stated the property would be sold on December 5, 2011, if the outstanding property taxes were not paid by December 2.  On November 30—five days before the scheduled tax sale—Tiet conveyed the property to Hallenbeck Sisters.  Hallenbeck Sisters did not pay the delinquent taxes by the December 2 deadline set by the tax collector, and the tax collector sold the property at a public auction for $460,000.  Shortly after the tax sale, Hallenbeck Sisters attempted to pay the delinquent taxes for 2010, as well as the taxes for 2011.  The tax collector refused to accept the payment.

The sale initiated a redemption period in which the defaulting taxpayer "may within twelve months from the date of the delinquent tax sale redeem each item of real estate by paying to the person officially charged with the collection of delinquent taxes, assessments, penalties, and costs, together with interest . . . due on the whole amount of the delinquent tax sale."  S.C. Code Ann. § 12-51-90(A)-(B) (2014).

In November 2012, the tax collector mailed a Final Notice of Property Redemption to Hallenbeck Sisters pursuant to section 12-51-120.  The notice stated the property could be "redeemed by paying taxes, assessments, penalties, costs, interest[,] and 2011 Taxes."  On December 4, 2012—two days before the redemption period ended—Hallenbeck Sisters was allowed to pay the redemption amount, which

---

[1] Hallenbeck Sisters named as defendants Ronald D. Hall and Mary M. Scarborough, who at separate times took actions in their capacity as delinquent tax collector for Charleston County.  Because each relevant action was taken in their official capacity as delinquent tax collectors, and Hallenbeck Sisters brought the action against the defendants "solely" in their official capacities, we refer to the actor as "the tax collector" without differentiating between Hall and Scarborough.

included $27,123 in interest on the $460,000 payment as required by section 12-51-90. The delinquent tax collector's office immediately sent notice stating, "This payment has taken the property off our tax sale list and [the property] is no longer in jeopardy of being conveyed."

In December 2012, Hallenbeck Sisters brought this action to "[s]et aside [the] tax sale" and to recover the $27,123 in interest it was required to pay to redeem the property. In its complaint, Hallenbeck Sisters alleged the tax collector gave insufficient notice under two statutes: (1) section 12-51-40, which provides the procedure for notifying defaulting taxpayers that property will be sold to collect delinquent taxes; and (2) section 12-51-120, which provides the procedure for giving notice regarding the redemption period. Hallenbeck Sisters also alleged the tax collector "failed to strictly comply with the statutes regarding the sale of real property at tax sales by providing delinquent notices that provided the delinquent taxes must [be] paid on or before a date prior to December 2, 2011, which is not the subsequent sales date." Hallenbeck Sisters later referred to this date as an "artificial deadline" not provided by law.

Hallenbeck Sisters made a "Motion for Immediate Temporary Restraining Order . . . and Motion for a Temporary Injunction," seeking to restrain the tax collector from "transferring and/or disposing of certain funds . . . paid to [the tax collector] for the redemption of [the] real property . . . , pending a hearing and determination of the Plaintiff's Motion." A circuit judge granted the motion for a temporary restraining order. The order required the County to refund the $460,000 purchase price to the tax sale purchaser and disburse $13,561 to pay the delinquent taxes, but restrained "[a]ny disbursement of interest in the amount of . . . $27,123 . . . until the merits hearing on February 11, 2013."

At that hearing, the circuit court (1) verified Hallenbeck Sisters "redeemed the property so there is no tax deed," and (2) found "there is no question the taxes were owed." The court indicated it believed the defaulting taxpayer owed the interest, even if the sale was "faulty," and ended the hearing. It subsequently entered a written order "denying the [Hallenbeck Sisters'] petition to set aside the tax sale" and granting summary judgment to the tax collector on three grounds: (1) the tax collector did not violate any statutes regarding the tax sale, (2) South Carolina Code subsections 15-78-60(4) and (11) (2005) of the Tort Claims Act provided the tax collector immunity, and (3) Hallenbeck Sisters lacked standing.

## II. Compliance with Tax Sale Statutes and Immunity Under the Tort Claims Act

Hallenbeck Sisters argues this court's decision in *H & K Specialists v. Brannen*, 340 S.C. 585, 532 S.E.2d 617 (Ct. App. 2000), controls this case and requires us to find subsections 15-78-60(4) and (11) do not provide immunity under these facts. In *H & K*, we specifically addressed subsection 15-78-60(11), and found the subsection was inapplicable because the County refunded the money paid by the tax sale purchaser to the wrong party, which was "a ministerial act separate and distinct from assessing, collecting or enforcing tax laws against a taxpayer." 340 S.C. at 587, 532 S.E.2d at 619. In this case, some of the tax collector's actions that Hallenbeck Sisters contends voided the tax sale do not fit within the rule set forth in *H & K*. For example, the tax collector's alleged failure to give sufficient notice is not a ministerial act and is not "separate and distinct from assessing, collecting or enforcing tax laws against a taxpayer." *Id.* However, the circuit court did not address in its order other actions Hallenbeck Sisters contend require the interest it paid to be refunded. The actions not addressed by the circuit court include the tax collector's refusal to accept Hallenbeck Sisters' tender of payment of both 2010 and 2011 taxes shortly after the tax sale. As to those actions, we cannot distinguish the tax collector's conduct from that found not to be immune from liability in *H & K*. We also find the reasoning of *H & K* applies to subsection 15-78-60(4).

In addition, we do not believe the tax collector's setting of an artificial deadline for payment of taxes before the date of the tax sale is an action as to which it is entitled to immunity under subsections 15-78-60(4) or (11). The setting of a deadline that is not authorized by law is an act of *not* enforcing the law, *see Hawkins v. Bruno Yacht Sales, Inc.*, 353 S.C. 31, 37-38, 577 S.E.2d 202, 206 (2003), and thus is not entitled to immunity. As we stated in *H & K*, "In order for the [tax collector] to be immune under Section 15-78-60(11), [the taxpayer]'s loss would have to be the result of the county's 'assessment or collection of taxes or . . . enforcement of tax laws.'" 340 S.C. at 587, 532 S.E.2d at 619 (quoting subsection 15-78-60(11)).

### III. Standing

The circuit court also found Hallenbeck Sisters lacked standing. We disagree. As the owner of the property at the time of the tax sale, it has standing to challenge the sale. In addition, the tax collector's refusal to accept Hallenbeck Sisters' tender of the 2010 and 2011 taxes provides Hallenbeck Sisters standing. *See Taylor v. Aiken Cty. Assessor*, 402 S.C. 559, 562, 741 S.E.2d 31, 33 (Ct. App. 2013) (finding a property owner has standing to challenge the actions of the tax assessor).

### IV. Conclusion

The order of the circuit court is **REVERSED**, and the case is **REMANDED** for further proceedings.

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**