**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Summerville Retail Investment, LLC, Appellant,

v.

Dorchester County, A Political Subdivision of the State of South Carolina, Cindy Chitty as Treasurer of Dorchester County, Ex Officio, and Montebello JTA Group, LLC, Defendants,

Of which Montebello JTA Group, LLC is the Respondent.

Appellate Case No. 2021-000177

———————

Appeal From Dorchester County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-011
Submitted December 1, 2023 – Filed January 3, 2024

———————

**AFFIRMED**

———————

George Hamlin O'Kelley, III, of Buist Byars & Taylor, LLC, of Mt. Pleasant, for Appellant.

Erik P. Doerring and Robert L. Widener, both of Burr & Forman LLP, of Columbia, for Respondent.

———————

**PER CURIAM:** Summerville Retail Investment, LLC (Summerville Retail) and Montebello JTA Group, LLC (Montebello) filed cross-motions for summary judgment in this dispute over the return of a transportation impact fee from Dorchester County (the County). Summerville Retail now appeals the circuit court's order granting summary judgment in favor of Montebello.

"Where cross[-]motions for summary judgment are filed, the parties concede the issue before us should be decided as a matter of law." *Wiegand v. U.S. Auto. Ass'n*, 391 S.C. 159, 163, 705 S.E.2d 432, 434 (2011). "When an appeal involves stipulated or undisputed facts, an appellate court is free to review whether the trial court properly applied the law to those facts. In such cases, the appellate court is not required to defer to the [circuit] court's legal conclusions." *Crusader Servicing Corp. v. Cnty. of Laurens*, 382 S.C. 25, 29, 674 S.E.2d 495, 497 (Ct. App. 2009) (quoting *State v. Sweat*, 379 S.C. 367, 373, 665 S.E.2d 645, 649 (Ct. App. 2008)).

In October 2016, Summerville Retail paid a transportation impact fee to the County. This fee related to a particular piece of property located in Summerville. Around the same time, Summerville Retail agreed to sell the property to Montebello. The sale closed about two months after Summerville Retail paid the fee. Less than one year later, the county council voted to return the transportation impact fees. The County sent the funds to Montebello because Montebello owned the property at that time.

Summerville Retail filed suit, seeking a declaration that it was the proper party to receive the returned fee. As noted above, both sides sought summary judgment. The circuit court found Montebello was entitled to the refund pursuant to the local ordinance, explaining the proper party to receive the returned fee was the then-owner of record. For the reasons that follow, we affirm the circuit court's sound judgment.

Summerville Retail's first argument directs us to the South Carolina Development Impact Fee Act, S.C. Code Ann. §§ 6-1-910 *et seq.*, (2004 & Supp. 2023) (the Act). This argument is not preserved for our review. The Act was never raised by Summerville Retail to the circuit court. Instead, Summerville Retail's arguments consistently centered on the local ordinances, particularly Ordinance 10-24.[1] It follows that any issue involving the Act was not ruled on by the circuit court, which only addressed the issue of who was entitled to the returned fee "based on the

---

[1] In early 2018, after the return of the fee at issue here, the County adopted Ordinance 18-02, which repealed the ordinances related to transportation impact fees, including Ordinance 10-24.

language of the ordinance." Because this argument is not preserved, we may not address it. *See Caldwell v. Wiquist*, 402 S.C. 565, 576, 741 S.E.2d 583, 589 (Ct. App. 2013) ("[W]here an issue has not been ruled upon by the [circuit court] nor raised in a post-trial motion, such issue may not be considered on appeal." (citation omitted)); *see also S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301–02, 641 S.E.2d 903, 907 (2007) (To preserve an issue for appellate review, "[t]he issue must have been (1) raised to and ruled upon by the [circuit] court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [circuit] court with sufficient specificity." (citation omitted)).

Summerville Retail's main argument below—and what appears to truly be its chief contention here—is that the local ordinance supports its assertion that it was entitled to the returned fee because the word "refund" connotes the return of money to the payor. We acknowledge this is the common understanding of the word refund. However, in this context, we read the ordinance to plainly mandate "[t]he owner of property eligible for a refund" is "the *current* owner of the property" based on the latest recorded deed and most recent tax records. The county council had explicit authority to administer these refunds and also interpreted the ordinance as requiring refund payment to *current* owners, not prior owners that may have paid the fees. Thus, the circuit court properly concluded the party entitled to the refund was the record owner at the time the refund was due (Montebello), not the record owner at the time the fee was paid (Summerville Retail). *See Crusader*, 382 S.C. at 29, 674 S.E.2d at 497 ("Statutory interpretation is a question of law."); *Grant v. City of Folly Beach*, 346 S.C. 74, 79, 551 S.E.2d 229, 231 (2001) ("If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the [c]ourt has no right to look for or impose another meaning." (citation omitted)); *Helicopter Sols., Inc. v. Hinde*, 414 S.C. 1, 10, 776 S.E.2d 753, 758 (Ct. App. 2015) ("When interpreting an ordinance, the legislative intent must prevail if it can be reasonably discovered in the language used." (citation omitted)).

Summerville Retail also argues that the County issued the refund sooner than permitted by the ordinance and that the circuit court's order improperly referenced the sales agreement between Summerville Retail and Montebello. We decline to address these arguments because our interpretation of the ordinance is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues on appeal when the resolution of a prior issue is dispositive).

Accordingly, the summary judgment in Montebello's favor is

**AFFIRMED.**[2]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.